1

**MUSICK, PEELER & GARRETT LLP**

2

333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

3

4

Daniel J. Taylor (State Bar No. 241404)
   *d.taylor@musickpeeler.com*

5

6

Attorneys for Plaintiff Scott W. Mosser MD,
A Professional Corporation, D/B/A
The Gender Confirmation Center

7

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11 | SCOTT W. MOSSER MD, A PROFESSIONAL MEDICAL CORPORATION, a California corporation doing business as the Gender Confirmation Center,

Case No.

12

**COMPLAINT FOR:**

13

14

              Plaintiff,

15

    (1) **TRADEMARK INFRINGEMENT (15 U.S.C. §1114);**
    (2) **UNFAIR COMPETITION (15 U.S.C. §1125(a)); and**
    (3) **FALSE DESCRIPTION (15 U.S.C. §1125);**

16

    vs.

17

18 | GENDER CONFIRMATION CENTER OF NYC, a business entity of unknown type and origin; PARK AVENUE AESTHETIC SURGERY, P.C., a New York corporation; and DOUGLAS M. SENDEROFF MD, an individual; and DOES 1 through 10, inclusive,

19

20

**DEMAND FOR JURY TRIAL**

21

22

23

         Defendants.

24

25

26

27

28

Plaintiff Scott W. Mosser MD, a Professional Medical Corporation, doing business as the Gender Confirmation Center ("GCC") files this Complaint against defendants Gender Confirmation Center of NYC; Park Avenue Aesthetic Surgery, P.C.; Douglas M. Senderoff MD; and DOES 1 through 10, inclusive (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1.      GCC has established itself as a leading provider of gender-affirming surgical care for the transgender and non-binary communities of the United States. Defendants have sought to capitalize on GCC's name, reputation, and brand recognition by offering transgender and gender affirming surgical services under a confusingly similar name, Gender Confirmation Center of NYC, implying a relationship with GCC where none exists. By doing so, Defendants have caused actual confusion among consumers and damage to GCC's reputation. GCC now brings suit to stop Defendants' blatant acts of infringement and to prevent confusion in the marketplace.

## THE PARTIES

2.      Plaintiff GCC is a California professional corporation with a principal place of business at 450 Sutter, Ste. 1010, San Francisco, California 94108. GCC's owner and principal surgeon, Dr. Mosser, is a Board-Certified Plastic Surgeon and a pioneer in the field of gender-affirming surgical care.

3.      Defendant Gender Confirmation Center of NYC is a business of unknown type and origin. GCC is informed and believes, and based thereon alleges, that the Gender Confirmation Center of NYC's principal place of business is 461 Park Ave S, 7th Fl, New York, NY 10016.

4.      Defendant Park Avenue Aesthetic Surgery, P.C. ("Park Avenue"), is a professional corporation organized and existing under the laws of the State of New York with a principal place of business at 461 Park Ave S, 7th Fl, New York, NY 10016. GCC is informed and believes, and based thereon alleges that Park Avenue

does business under the name Gender Confirmation Center of NYC and/or is the parent, subsidiary, or affiliate of the Gender Confirmation Center of NYC.

5.     Defendant Douglas M. Senderoff MD is an individual. GCC is informed and believes and based thereon alleges Dr. Senderoff resides in the State of New York and is the owner and principal surgeon of Park Avenue and the Gender Confirmation Center of NYC. Unlike Dr. Mosser, Dr. Senderoff is a newcomer to the field of gender-affirmation procedures and it is not his primary practice area.

6.     GCC is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive ("Doe Defendants"), and therefore sues Doe Defendants by said fictitious names. GCC will move to amend the complaint to allege the true names and capacities of said Doe Defendants when ascertained. GCC is informed, believes and thereon alleges that each fictitiously named Doe Defendant is legally responsible in some manner for the occurrences and damages alleged herein, and that GCC's damages as herein alleged were proximately caused by the acts of these Doe Defendants.

7.     GCC is informed and believes and based thereon alleges that there exists a unity of interests between the Defendants, and each of them, such that separate legal personalities between them no longer exist and treating the acts alleged herein as those of the corporate defendants alone would promote injustice.

8.     GCC is informed and believes and based thereon alleges, that after a reasonable opportunity for investigation or discovery there is likely to be evidentiary support that at all times mentioned herein, each of the Defendants, including the Defendants sued herein as Does 1 through 10, inclusive, was, and is, the duly authorized agent, servant, representative, joint venture, partner, employee, and/or alter-ego of each of the other defendants, and in doing the things alleged herein, was acting within the course and scope of their respective authority as agents, servants, representatives, joint venturers, partners, employees, and/or alter egos and with the permission and consent of the other defendants, and each defendant having ratified

1 the acts of the other defendants.

2 ## JURISDICTION AND VENUE

3 9.      This is a complaint for Trademark Infringement, Unfair Competition,

4 and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C.

5 §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False

6 Description).

7 10.      This Court has original subject matter jurisdiction over this action

8 pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 (a) and (b).

9 11.      This Court has personal jurisdiction over the Defendants because they

10 have transacted business in the State of California, directed marketing to consumers

11 in the State of California, and have directed their infringing activities toward GCC's

12 business within the State of California, thereby giving rise to the claims alleged

13 herein.

14 12.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c)

15 because a substantial part of the events or omissions giving rise to the claims occurred

16 this district, a substantial part of the property that is the subject of the action is situated

17 in this district, and GCC maintains its principal places of business in this district.

18 ## FACTUAL ALLEGATIONS

19 13.      Established in 2013, GCC has become the premier provider of gender

20 related surgical care in the United States. GCC's owner and principal, Dr. Mosser, is

21 a Board-Certified plastic surgeon who has committed his career to the development

22 and provision of gender-affirming surgical care. He has over 15 years of experience

23 performing transgender and gender-affirming surgeries and, shortly after founding

24 GCC, he devotes his practice exclusively to gender surgery.

25 14.      Since its inception, GCC adopted and has continuously used the brand

26 identifying name and trademark "Gender Confirmation Center" in connection with

27 the provision of transgender and gender-affirming surgical care throughout the United

28 States and abroad. The services provided by GCC include gender reassignment

surgery and other gender transition support services such as body contouring, breast augmentation, phalloplasty, hair removal, and others.

15.    In addition to providing innovative surgical solutions with excellent outcomes, GCC emphasizes a superior level of compassion for its patients from the start to finish of their surgical procedures to support them from their initial consultation through the completion of recovery. As a result, GCC has developed a superior reputation and identity within the transgender and non-binary community throughout the United States and abroad. GCC has been recognized by LGBTQ organizations including, but not limited to, Plume, The Lyon-Martin Center, Point of Pride, LGBTQ and All, and TransHealthCare.

16.    GCC has made substantial investments to promote and advertise the Gender Confirmation Center name and brand and it has developed a very strong presence in the healthcare industry. As a result, the "Gender Confirmation Center" brand name has become well-known in the United States and worldwide.

17.    GCC owns the Internet domain name www.genderconfirmation.com and has consistently displayed and promoted its "Gender Confirmation Center" brand name on its website. A Google search given the query "Gender Confirmation Center" returns many links to sites, articles, or promotions related to GCC. GCC's website gets extensive traffic from consumers seeking its services and inquires submitted by potential patients.

18.    GCC has served over 9,250 patients in the past 5 years who come from all over the United States as a result of its unique and highly prized position in the industry. Over 3,100 patients have come to GCC's facility in San Francisco from the State of New York, representing approximately 34% of the total GCC patients.

19.    Many patients of GCC and Dr. Mosser have shared their results in positive reviews online and on reddit.com, demonstrating their association of GCC's brand name, the Gender Confirmation Center, with its well-earned reputation in the field.

20.     As a result of the foregoing, over the past eleven years, GCC's continuous use of its "Gender Confirmation Center" mark in connection with the provision of transgender and gender-affirming surgery has acquired distinctiveness and secondary meaning among consumers. Members of the transgender and non-binary community know that the "Gender Confirmation Center" refers to GCC and signifies the high-end quality of care provided by GCC.

21.     GCC also owns United States Trademark Application Number 98612652 for the Gender Confirmation Center mark and associated logo, covering medical and surgical services for the transgender community, namely, gender reassignment surgery and gender transition support services.

22.     GCC is informed and believes, and based thereon alleges, that on or about May 17, 2023, Defendants announced the opening of the Gender Confirmation Center of NYC, which would operate under a trade name containing the identical "Gender Confirmation Center" name that consumers have come to associate with GCC. Defendants offer similar surgical procedures to GCC.

23.     Defendants advertise gender surgery services throughout the United States and worldwide at www.genderconfirmationcenternyc.com, and even provide instructions for out-of-state patients, including patients from the State of California and within this judicial district, to travel to their facility in New York City.

24.     Defendants' use of the name "Gender Confirmation Center of NYC" in connection with the provision of transgender and gender-affirmation surgery is likely to cause confusion among consumers because it contains the entire identical name of GCC and falsely implies it is an affiliated location of GCC in New York City.

25.     GCC is informed and believes and based thereon alleges that, not only is Defendants' use of the name "Gender Confirmation Center of NYC" likely to cause confusion, it has cased actual confusion among consumers that have assumed a relationship between GCC and Defendants where none exists.

26.     GCC is informed and believes and based thereon alleges that Defendants

chose the name "Gender Confirmation Center of NYC" to intentionally capitalize on GCC's goodwill and reputation and piggyback on the substantial investments GCC has made over the past eleven years to develop that reputation.

27.     GCC is informed and believes and based thereon alleges that Defendants' plastic surgery practice lacks the dedication and exclusive focus on gender surgery that GCC has. Therefore, Defendants' practice is unlikely to provide the same quality of patient experience as GCC's practice, which focuses on gender transition as its exclusive mission. As a result, Defendants' use of a confusingly similar name endangers the reputation that GCC has worked to build.

28.     In the hopes of preventing further harm to its brand and confusion among consumers, on or about June 13, 2024, GCC's counsel sent a cease-and-desist letter to the Gender Confirmation Center of NYC informing them of GCC's trademark rights and asking Defendants to cease operating under a confusingly similar name.

29.     On or about July 12, 2024, Defendants' attorney, Marylee Jenkins, of ArentFox wrote a reply letter to GCC stating that Defendants would not cease their use of the "Gender Confirmation Center" mark.

## FIRST CAUSE OF ACTION

**(Trademark Infringement (15 U.S.C. §1114) against all Defendants)**

30.     GCC repeats and realleges each and every allegation of the previous paragraphs as if separately set forth at length and incorporated herein.

31.     GCC has common-law trademark rights in the "Gender Confirmation Center" mark that predate Defendants' use of the mark.

32.     Defendants have used the "Gender Confirmation Center" mark in connection with the provision of services throughout the United States and within this judicial district.

33.     Defendants' use of the "Gender Confirmation Center" mark constitutes an infringement of GCC's common-law trademark rights and is likely to cause confusion as to the identity and origin of Defendants' services, causing irreparable

harm to GCC for which there is no adequate remedy at law.

34.     As a direct and proximate result of Defendants acts, Defendants have wrongfully taken GCC's profits and the benefits of its established goodwill. Defendants should therefore cease use of the "Gender Confirmation Center" mark, disgorge all profits from their unlawful use of the mark, and pay for corrective advertising.

35.     Because of Defendants' acts of infringement, GCC has suffered damaged in an amount to be proven at trial;

36.     In committing the infringing acts described herein, Defendants have acted internationally, fraudulently, and maliciously and, therefore, GCC is entitled treble damages under the Lanham Act.

37.     Because of Defendants' acts of infringement, GCC has suffered and will continue to suffer irreparable injury unless and until the Court enters an order enjoining Defendants from further acts of infringement.

## SECOND CAUSE OF ACTION

### (Unfair Competition (15 U.S.C. §1125(a)) against all Defendants)

38.     GCC repeats and realleges each and every allegation of the previous paragraphs as if separately set forth at length and incorporated herein.

39.     Defendants' use of the "Gender Confirmation Center" mark to promote their services constitutes Unfair Competition pursuant to 15 U.S.C. §1125(a). Defendants' use of the mark is likely to cause confusion, mistake and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to GCC and is causing irreparable harm to GCC for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION

### (False Description (15 U.S.C. §1125(a)) against all Defendants)

40.     GCC repeats and realleges each and every allegation of the previous paragraphs as if separately set forth at length and incorporated herein.

41.    Defendants' use of the "Gender Confirmation Center" mark to promote their services constitutes Unfair Competition pursuant to 15 U.S.C. §1125(a). Defendants' use of the mark is likely to cause confusion, mistake and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to GCC and is causing irreparable harm to GCC for which there is no adequate remedy at law.

42.    GCC avers that Defendants' use of the mark "Gender Confirmation Center" comprises a false description or representation of such service under 15 U.S.C. §1125(a).

## **PRAYER FOR RELIEF**

Wherefore, GCC prays for relief as follows:

1.    A judgment that Defendants have infringed GCC's trademark rights;

2.    A permanent injunction restraining Defendants from selling, advertising, displaying, or offering services using GCC's mark or any mark confusingly similar to GCC's mark;

3.    An award of GCC's actual damages and lost profits in an amount to be determined at trial;

4.    Disgorgement of Defendants' profits obtained from using GCC's mark;

5.    An award of Treble damages;

6.    An award of Attorney-Fees and costs of suit herein; and

7.    Such other and further relief and the Court deems appropriate.

DATED:  August 26, 2024                MUSICK, PEELER & GARRETT LLP

By: _____
Daniel J. Taylor
Attorneys for Plaintiff
Scott W. Mosser MD,
A Professional Corporation, D/B/A
The Gender Confirmation Center

1

## **DEMAND FOR JURY TRIAL**

2      GCC demands a trial by jury as to all issues.

3

4    DATED:  August 26, 2024          MUSICK, PEELER & GARRETT LLP

5

6                                            By:

7                                                Daniel J. Taylor

8                                                Attorneys for Plaintiff
                                                 Scott W. Mosser MD,
                                                 A Professional Corporation, D/B/A
9                                                The Gender Confirmation Center

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28